IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CRIMINAL NO. 1:13-CR-210 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **LEON GREEN,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, 20th day of April, 2016, upon consideration of the motion (Doc. 631) *in limine* by *pro se* defendant Leon Green ("Green"), wherein Green requests that the court exclude from admission at trial evidence seized by authorities during a November 7, 2013 search of his residence, and it appearing that Green contends: *first*, that probable cause for the November 7, 2013 search was based, in part, on an "illegal background search" by a New Jersey law enforcement officer in violation of the Fourth Amendment to the United States Constitution (see Doc. 631 ¶ 4); *second*, that law enforcement exceeded their authority when executing the search warrant by searching an attic crawl space, accessible through Green's kitchen, which Green alleges was "not . . . part of [his] leasing agreement," (see id. ¶ 5); and *third*, that his arrest was the "fruit[] of a poisonous tree" as a result of the preceding alleged violations (see id. ¶ 6), and further upon consideration of the government's brief (Doc. 645) in opposition, wherein the government contends: *first*, that federal law authorizes the creation and use of criminal justice information systems for the purpose of making information available to law enforcement officers in carrying out their investigative functions (see id. at 7-8); *second*, that law enforcement did not exceed the scope of the search warrant in executing same on November 7, 2013 (see

id. at 8-10); and *third*, that, given the validity of the search warrant and lawfulness of the attendant search, Green's arrest was not the "fruit of a poisonous tree" (see id. at 10), and the court observing that the Fourth Amendment protects individuals from unreasonable searches and seizures, see U.S. CONST. amend. IV; Horton v. California, 496 U.S. 128, 133 (1990), and that generally a search is reasonable only if effectuated with a warrant supported by probable cause, see City of L.A. v. Patel, 576 U.S. __, 135 S. Ct. 2443, 2452 (2015), and further observing that the Fourth Amendment's exclusionary rule is intended to deter unlawful police conduct, see United States v. Leon, 468 U.S. 897, 906 (1984), but that suppression of evidence pursuant to the exclusionary rule is unnecessary and indeed "is inappropriate" when authorities, in good faith, objectively rely on a warrant's authority, United States v. $92,422.57, 307 F.3d 137, 145 (3d Cir. 2002) (quoting United States v. Williams, 3 F.3d 69, 74 (3d Cir. 1993)); see Leon, 468 U.S. at 906, and the court finding: *first*, with respect to Green's argument that authorities violated the Fourth Amendment by accessing a criminal justice information system to ascertain Green's alias, parole status, and criminal history after the grand jury returned its indictment against him, that such information-sharing systems are expressly contemplated and authorized by federal regulations, see 28 C.F.R. § 20.1 *et seq.*, and that, except for his contention that the Fourth and Fifth Amendments should "be liberally construed" in his favor, (Doc. 648 at 2), Green offers neither argument or evidence that any information-sharing among law enforcement violated applicable regulations or

constitutional protections during the investigative process in this matter; *second*, with respect to Green's argument that law enforcement officers violated the Fourth Amendment by searching the attic crawl space of his apartment because the space was not part of his leasing agreement, that a valid search warrant authorized law enforcement officers to search "the premises" of Green's apartment, (see Doc. 631, Ex. 1 at 1), that law enforcement officers relied in good faith on their authorization to search "the "premises" when searching the apartment and attic crawl space accessible through the kitchen of said premises, see $92,422.57, 307 F.3d at 145 (quoting Williams, 3 F.3d at 74); see also Leon, 468 U.S. at 906, and that Green's argument regarding his personal access to or possession of the crawl space is a potential defense at trial but has no bearing on admissibility or excludability of evidence found therein pursuant to the lawful search undertaken by law enforcement; and *third*, having found no Fourth Amendment violations, the court finding Green's fruit of the poisonous tree argument to be moot, it is hereby ORDERED that Green's motion (Doc. 631) *in limine* is DENIED.

        /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania