IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:13-CR-210** |
| : | |
| v. : | **(Chief Judge Conner)** |
| : | |
| **LEON GREEN,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 22nd day of April, 2016, upon consideration of the motion (Doc. 633) to sever charges by *pro se* defendant Leon Green ("Green"), wherein Green requests that the court sever the two charges pending against him for trial, and the government's brief (Doc. 650) in opposition to Green's motion, and further upon consideration of the superseding indictment (Doc. 34), which charges Green in Count I with conspiracy to distribute and possess with intent to distribute cocaine hydrochloride, heroin, and marijuana in violation 21 U.S.C. § 846, and in Count IV with distribution and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1), and the court observing that the federal judicial system favors joint trials, see Zafiro v. United States, 506 U.S. 534, 537 (1993) (quoting Richardson v. Marsh, 481 U.S. 200, 209 (1987)); see also United States v. Lore, 430 F.3d 190, 204-05 (3d Cir. 2005), that the Federal Rules of Criminal Procedure further this policy by allowing joinder of multiple offenses in Rule 8(a) and joinder of multiple defendants in Rule 8(b), see FED. R. CRIM. P. 8, and that joinder is permissible under either rule "when a transactional nexus exists between the offenses or defendants to be joined," United States v. Eufrasio, 935 F.2d 553, 570 n.20 (3d Cir. 1991), and noting

that the Third Circuit Court of Appeals authorizes and encourages joinder of a conspiracy charge with underlying substantive charges "since the claim of conspiracy provides a common link" between the offenses, id. at 567 (quoting United States v. Somers, 496 F.2d 723, 730 (3d Cir. 1974)), and the court therefore finding that joinder of the conspiracy charge with the substantive offense in the superseding indictment *sub judice* is proper under Rule 8, and the court further observing that, proper joinder notwithstanding, courts may exercise discretion to sever charges when joinder "appears to prejudice a defendant or the government," FED. R. CRIM. P. 14(a), see Zafiro, 506 U.S. at 538-39; Lore, 430 F.3d at 204-05, but that a party seeking severance under Rule 14 faces a "heavy burden," United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005), and must demonstrate prejudice so clear and substantial as to result in an "unfair trial" or the denial of a specific trial right, United States v. Riley, 621 F.3d 312, 335 (3d Cir. 2010) (quoting United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992)), and the court finding that Green's conclusory allegations of prejudice fall well short of satisfying his Rule 14 burden, it is hereby ORDERED that Green's motion (Doc. 633) to sever is DENIED.[1]

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[1] In his reply brief, Green refers to certain statements made by codefendant and alleged coconspirator Juan Serrano-Coronel ("Serrano-Coronel") in the course of law enforcement's investigation. (See Doc. 657). Serrano-Coronel pled guilty to Count I of the superseding indictment and was sentenced on December 23, 2015. (See Doc. 615). Hence, Serrano-Coronel is no longer joined for trial with Green. To the extent Green seeks exclusion of Serrano-Coronel's statements at trial, the court will address those arguments in resolving Green's separately-filed motion (Doc. 658) to suppress evidence.