IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:13-CR-210** |
| : | |
| v. : | (Chief Judge Conner) |
| : | |
| **LEON GREEN,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 22nd day of April, 2016, upon consideration of the motion (Doc. 636) to transfer for trial by *pro se* defendant Leon Green ("Green"), wherein Green requests that the court transfer the above-captioned action to "the district in which he was arrested" for trial, ostensibly the United States District Court for the District of New Jersey, (see id. at 1), and it appearing that Green believes that venue is improper in this judicial district because he "has never been to the state of Pennsylvania" and for the "convenience of the parties, to include all witnesses" residing in the state of New Jersey, (id.), and further upon consideration of the government's brief (Doc. 650) opposing Green's motion, and the court observing that, in cases involving conspiracies, which often transcend multiple judicial districts, a defendant may be "prosecuted in any district in which such offense was begun, continued, or completed," 18 U.S.C. § 3237(a), including any judicial district "where[] a coconspirator has committed an act in furtherance of the conspiracy," United States v. Perez, 280 F.3d 318, 329 (3d Cir. 2002) (citing Hyde v. United States, 225 U.S. 347, 363-64 (1912)), and noting that the superseding indictment charges that acts in furtherance of the drug-trafficking conspiracy occurred in Franklin County and Adams County, Pennsylvania, localities within the Middle District of

Pennsylvania, as well as in the states of New Jersey, Maryland, Virginia, and Texas, (see Doc. 34 at 1-2), such that jurisdiction is proper in this judicial district, see 18 U.S.C. § 3237(a); Perez, 280 F.3d at 329 (citing Hyde, 225 U.S. at 363-64), and further observing that, upon defense motion, the court may transfer a criminal proceeding in full or in part to another judicial district "for the convenience of the parties, any victim, and the witnesses, and in the interest of justice," FED. R. CRIM. P. 21(b), and that the Supreme Court of the United States in Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964), enumerated ten factors for a court to consider in deciding whether to transfer a case for trial pursuant to Rule 21(b), to wit: "(1) location of . . . [the] defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer," id.; see In re United States, 273 F.3d 380, 387-88 (3d Cir. 2001); United States v. Menendez, 109 F. Supp. 3d 720, 725-26 (D.N.J. 2015), and that the moving defendant bears the burden of demonstrating that the Platt factors weigh in favor of transfer, see In re United States, 273 F.3d at 388, and the court finding that Green's conclusory allegations of witness inconvenience fall well short of supporting the requested transfer, and further finding that the balance of the Platt factors—in particular, that Green, his court-appointed standby counsel, and government counsel are all presently located

in this district, that events undergirding the criminal charges took place in this district, and that the minimal travel costs of any defense or prosecution witnesses will be borne by the government and not Green—weigh in favor of maintaining the action in this judicial district and against transfer to the District of New Jersey, it is hereby ORDERED that Green's motion (Doc. 636) to transfer for trial is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania