IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:13-CR-210** |
| | : | |
| v. | : | **(Chief Judge Conner)** |
| | : | |
| **LEON GREEN,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 25th day of April, 2016, upon consideration of the motion (Doc. 641) to inspect certain portions of intercepted communications or evidence and motion (Doc. 642) to inspect witnesses' statements filed by *pro se* defendant Leon Green ("Green"), wherein Green requests that the government produce the following evidence for his inspection: *first*, any intercepted statements of Green's codefendants pertaining to the street name "Boobie-LNU" (Doc. 641 ¶ 1); *second*, any evidence specifying how the street name "Boobie-LNU" came to be used in the above-captioned case (id. ¶ 2); and *third*, any other statements of witnesses whom the government intends to rely on in the presentation of its case at trial (Doc. 642), and further upon consideration of the government's brief (Doc. 651) in opposition, wherein the government responds that the discovery Green requests pertaining to intercepted statements and use of the street name "Boobie-LNU" has already been provided to him, that it will disclose any statements of witnesses who testify at trial in accordance with 18 U.S.C. § 3500, which provides that the government need not disclose witness statements until after the witness has testified at trial, see 18 U.S.C. § 3500(a)-(b), and further that it intends to disclose any such statements on Friday

afternoon preceding the scheduled Monday trial of this case, earlier than statutorily required, (see Doc. 651 at 4); see also 18 U.S.C. § 3500(a)-(b), and it appearing that Green does not dispute that the government has already provided the requested discovery and is not yet under any obligation to disclose witness statements, (see Doc. 660 at 2-3), and it further appearing, to the extent Green seeks an explanation from the government regarding how the street name "Boobie-LNU" became known to law enforcement, that Green is already in possession of transcripts of intercepted communications and an affidavit of probable cause providing such information, and the court thus finding that Green's requests for discovery are moot with respect to evidence already in Green's possession and premature with respect to evidence to which Green is not yet statutorily entitled, it is hereby ORDERED that Green's motion (Doc. 641) to inspect certain portions of intercepted communications or evidence and motion (Doc. 642) to inspect witnesses' statements are DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania