IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:13-CR-210** |
| : | |
| v. : | **(Chief Judge Conner)** |
| : | |
| **LEON GREEN**, : | |
| : | |
| **Defendant** : | |

### ORDER

AND NOW, this 26th day of April, 2016, upon consideration of the court's order (Doc. 656) dated April 18, 2016, denying the motion (Doc. 629) for suppression of evidence hearing filed by *pro se* defendant Leon Green ("Green"), wherein the court concluded: *first*, that certain evidence that Green sought to suppress, to wit: communications to or from the phone assigned number 856-896-4343 (the "4343 phone"), was obtained in compliance with the Wiretap Act, 18 U.S.C. § 2510 *et seq.*, and is not excludable thereunder; and, *second*, that Green's argument regarding the sufficiency of evidence linking him to the 4343 phone, in particular that the phone belonged to a neighbor and not to Green, is a potential defense at trial but not a basis for exclusion thereof, (Doc. 656), and further upon consideration of Green's motion (Doc. 665) for reconsideration of the court's April 18 order, wherein Green clarifies that he not only seeks exclusion of communications intercepted from the 4343 phone, but also seeks exclusion of a Metro PCS phone and Samsung Galaxy Note phone seized during a November 7, 2013 search of his apartment, and that it is the Metro PCS phone, not the 4343 phone, which belongs to Green's neighbor, (see id.), and the court observing that the purpose of a motion for reconsideration is to "correct a clear error of law or to prevent a manifest injustice" in a court's original

ruling, United States v. Dupree, 617 F.3d 724, 732-33 (3d Cir. 2010) (citing Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999)), and it appearing that, in deciphering Green's myriad antecedent assertions, the court misapprehended his position regarding which phone allegedly belongs to his neighbor, but concluding that nothing in Green's instant motion compels modification of the court's finding that communications both "to and from" and "over" the 4343 phone were lawfully intercepted, and that Green's alleged lack of connection to evidence seized from his apartment is a potential defense at trial but has no bearing on the admissibility or excludability thereof, (see Doc. 5656), it is hereby ORDERED that Green's motion (Doc. 665) for reconsideration is DENIED.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania