IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 1:13-CR-210** |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **LEON GREEN,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 12th day of July, 2016, upon consideration of the motion (Doc. 658) to suppress evidence by *pro se* defendant Leon Green ("Green"), wherein Green requests that the court suppress certain evidence at trial, to include: *first*, a statement by codefendant Juan Serrano-Colonel ("Serrano-Colonel") that an individual known as "Boobie" resides on Route 49, Main Street, in Millville, New Jersey, on the basis that such testimony is unduly prejudicial and inadmissible hearsay, (id. ¶ 1(a)); *second*, a statement by Serrano-Colonel following a photo display during which Serrano-Colonel identified Green as "Boobie" and confirmed that Green resided at the Millville residence, on the basis that such testimony is unduly prejudicial and inadmissible hearsay, (id. ¶ 1(b)); and *third*, statements by law enforcement tending to establish that authorities were generally aware that Green used the name "Boobie" from his record of prior convictions, on the basis that such testimony is an improper attempt to present Green's criminal history to the jury, (see id. ¶ 1(c)), and further upon consideration of the government's response (Doc. 672) to Green's motion, wherein the government indicates as a threshold matter that Green's request is improperly styled as a motion to suppress rather than a motion *in limine*, and that much of the evidence subject to Green's

instant motion has already been determined by the court to have been lawfully obtained, (see id. at 4-5), and wherein the government suggests, with respect to the question of admissibility, that the court defer resolution of Green's request until closer to the time of trial, and assures the court that, in the event the government does intend to offer out-of-court statements or testimony of authorities implicating Green's criminal history, the government will advise Green sufficiently in advance of trial such that Green may reinstate his objections, (id. at 7-8), and the court in agreement with the government that the best and most efficient course is to defer resolution of Green's objection pending notice by the government that it intends to offer the contested evidence at trial, it is hereby ORDERED that Green's motion (Doc. 658) to suppress evidence is CONSTRUED as a motion *in limine* and is DISMISSED as so construed, without prejudice to Green's right to reinstate his objection to the subject evidence upon notice that the government intends to introduce same at trial.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania